IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| AVERY OUTDOORS LLC,<br>f/k/a BANDED FINANCE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>PEAK ROCK CAPITAL LLC, and<br>OUTDOORS ACQUISITION CO, LLC,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO.: 2:16-cv-02229<br><br>Removed from the Chancery<br>Court of Shelby County, TN<br>Case No.:  CH-16-0404 |

## NOTICE OF REMOVAL

Defendant Outdoors Acquisitions Co, LLC ("OAC"), hereby files this Notice of Removal removing this action from the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis, to the United States District Court for the Western District of Tennessee, Memphis Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of this Notice of Removal, OAC respectfully shows and states unto this Honorable Court as follows:

### I.     INTRODUCTION AND NATURE OF THE CASE

1.      Plaintiff Avery Outdoors LLC f/k/a Banded Finance LLC ("Plaintiff") commenced the above styled action on March 7, 2016, by filing a Complaint in the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis (the "State Court"), Case Number CH-16-0404.  Defendant Peak Rock Capital LLC ("Peak Rock", collectively with OAC, the "Defendants") received notice of the filing of the Complaint on March 11, 2016, and OAC received notice of the filing of the Complaint of March 14, 2016.  A

26948144 v1

true and correct copy of all pleadings and process received by Defendants is attached as ***Exhibit A***.

2. The Complaint seeks monetary damages from Defendants under claims of unjust enrichment, breach of contract and the implied covenant of good faith and fair dealing, economic duress and accounting and disgorgement, related to certain monies voluntarily paid by Plaintiff to OAC under a contract between Plaintiff and OAC.

3. Based on the allegations in the Complaint, this Court has subject matter jurisdiction over Plaintiff's claims pursuant to Section 1332 because there is complete diversity between Plaintiff and Defendants, and there is at least seventy-five thousand dollars ($75,000.00) in controversy exclusive of interest and costs.

## II.     PROCEDURAL REQUIREMENTS

4. This Notice of Removal is timely filed under 28 U.S.C. § 1446, as Defendants received copies of the Complaint and summons on or about March 14, 2016, and have filed this Notice of Removal within thirty (30) days of receipt of the complaint and Summons.

5. No prior application has been made for the relief requested herein.

6. Peak Rock, without waiving and instead expressly asserting, relying on and incorporating its defense of lack of personal jurisdiction, has consented to OAC's removal of this cause of action to this Court.[1]

7. The United States District Court for the Western District of Tennessee, Memphis Division, is the district and division embracing the place where this action is pending in state court. 28 U.S.C. § 1441(a).

---

[1] Contemporaneously with this Notice of Remove, Peak Rock has filed a Consent to Removal and also a Motion to Dismiss for, among other things, lack of personal jurisdiction.

8. A Notice of Filing Notice of Removal, to include a copy of this Notice of Removal and Exhibits hereto, will be filed with the Clerk of the Chancery Court of Shelby County, Tennessee, in accordance with 28 U.S.C. § 1446(d), and is attached hereto as *Exhibit B*. Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

9. All prerequisites for removal, as set forth in 28 U.S.C. § 1441 have been met.

### III.   REMOVAL BASIS – DIVERSITY JURISDICTION

**A.   Diversity Jurisdiction Exists Over This Action.**

10. This Court has original jurisdiction over this case under 28 U.S.C. § 1332(a), as amended, which provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . (1) citizens of different States." 28 U.S.C. § 1332(a)(1).

11. This action is properly removable because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

**B.   Citizenship and Residence of the Parties.**

12. For diversity purposes, all unincorporated entities--of which a limited liability company is one--have the citizenship of each partner or member. Therefore, the citizenship of Plaintiff and Defendants (all of which are limited liability companies), is determined by the citizenship of each limited liability company's members. *See, Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

13. Plaintiff is a limited liability company formed and exiting under the laws of the State of Arkansas, with its principal place of business in Arkansas. (*See,* Exhibit A, Complaint, ¶

1).  On information and belief, Plaintiff's sole and managing member is a citizen of Arkansas. Therefore, under 28 U.S.C. § 1348, for purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of Arkansas.

14.  Defendant Peak Rock is a limited liability company formed and existing under the laws of the State of Delaware, with its principal place of business in Texas.  Peak Rock has one managing member who is a citizen and resident of Texas.  Therefore, under 28 U.S.C. § 1348, for purposes of 28 U.S.C. § 1332, Peak Rock is a citizen of Texas and Delaware.

15.  Defendant OAC is a limited liability company formed and existing under the laws of the State of Delaware, with its principal place of business in Texas.  OAC's managing member(s) are all citizens of Texas.  Therefore, under 28 U.S.C. § 1348, for purposes of 28 U.S.C. § 1332, OAC is a citizen of Texas and Delaware.

16.  Accordingly, complete diversity of citizenship exists between Plaintiff and each of the Defendants.

C.  **Amount in Controversy**.

17.  The amount in controversy exceeds the seventy-five thousand dollar ($75,000.00) jurisdictional minimum threshold, exclusive of interest and costs, because the amount is dispute as alleged by Plaintiff s well in excess of seventy-five thousand dollars ($75,000.00).  (*See, Exhibit A*, Complaint, ¶ 42, 51, 52, 64-68, and paragraph beginning "Relief Demanded").

18.  Accordingly, the amount in controversy requirement is satisfied, and diversity jurisdiction is present.

IV.  **ADOPTION AND RESERVATION OF DEFENSES**

19.  Nothing in this Notice of Removal shall be interpreted as substantially invoking the litigation process or as a waiver or relinquishment of Defendants' right to assert any defense

or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; (9) failure to meet minimum pleading requirements under Fed. R. Civ. P. 8; or (10) any other pertinent defense available under Tenn. R. Civ. P. 12.02 or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

20. OAC reserves the right to supplement this Notice of Removal as may be necessary or appropriate.

21. To the extent that remand is sought, or that diversity jurisdiction is otherwise examined by the Court, OAC respectfully request the opportunity to submit additional evidence, to take appropriate discovery, to brief the matter, and to submit oral argument in support of this Notice of Removal.

### V.   CONCLUSION

WHEREFORE, OAC prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Chancery Court of Shelby County, Tennessee, to the United States District Court for the Western District of Tennessee, Memphis Division.

Respectfully submitted,

**BURR & FORMAN LLP**

*/s/ Emily C. Taube*
Emily C. Taube (BPR #019323)
511 Union Street, Suite 2300
Nashville, TN 37219
Main: (615) 724-3200
Fax: (615) 724-3300
Email: etaube@burr.com

*COUNSEL FOR DEFENDANTS PEAK ROCK CAPITAL, LLC AND OUTDOORS ACQUISITION CO, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **NOTICE OF REMOVAL** was served on the following by directing the same to the following address through first-class, United States mail, postage prepaid, on this the 9th day of April, 2016:

R. Campbell Hillyer
Michael C. McLaren
6075 Poplar Ave., Suite 500
Memphis, TN  38119

*/s/ Emily C. Taube*
Emily C. Taube