# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# MEMPHIS DIVISION

| | |
|---|---|
| AVERY OUTDOORS LLC<br>f/k/a BANDED FINANCE, LLC, | )<br>)<br>) |
| Plaintiff, | ) Case No.: 2:16-cv-02229 |
| v. | ) |
| PEAK ROCK CAPITAL, LLC, and<br>OUTDOORS ACQUISITION CO, LLC, | )<br>) |
| Defendants. | ) |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT DUE TO PLAINTIFF'S LACK OF STANDING

Pursuant to Federal Rule of Civil Procedure 56, Defendants Peak Rock Capital, LLC ("Peak Rock") and Outdoors Acquisition Co, LLC ("OAC"), submit this memorandum in support of their motion for summary judgment as to all the claims asserted against them by Plaintiff Avery Outdoors, LLC f/k/a Banded Finance, LLC ("Plaintiff" or "Banded"), respectfully stating as follows:

### INTRODUCTION

This case stems from what appears to be a case of "buyer's remorse" on the part of Plaintiff.

In April 2015, pursuant to an assignment of certain loan documents to OAC by SunTrust Bank ("SunTrust"), Defendant OAC became the senior secured lender to a business then known as Avery Outdoors, Inc. ("Avery"). At the time of the assignment, Avery was in the midst of legal proceedings that had been initiated by SunTrust in the Shelby County Chancery Court

27687900 v1
27691225 v1

which the Court had appointed a receiver to, among other things, administer and oversee all aspects of the business of Avery.

Soon after the assignment, it became apparent to OAC and the receiver that Avery needed a substantial cash infusion of several million dollars in order to continue operations. In order to protect the collateral of Avery, OAC informed the receiver that it intended to hold a public sale of certain of the collateral pursuant to the Tennessee Uniform Commercial Code ("TUCC Sale").

However, in May of 2015, shortly before the TUCC Sale was to take place, Plaintiff intervened and provided short-term financing (the "Bridge Loan") to Avery that, among other things, allowed Avery to pay off Avery's debt to OAC, including all fees and expenses (the "Avery Debt") in full. At the time Banded made the Bridge Loan to Avery so that Avery could pay its Debt, Banded was aware of the amount and nature of the fees (the "Fees") being sought by OAC in full payment of the Avery Debt, and voluntarily provided Avery with sufficient funds through the Bridge Loan to pay all the Avery Debt, including the Fees.

Nonetheless, almost a year after the transaction, Banded filed the instant matter claiming that: (1) certain of the Fees included in the Avery Debt were excessive and were assessed by OAC in breach of the Loan Documents; (2) Peak Rock (an entity that had nothing to do with the transaction) somehow unjustly benefitted from the payment of the Avery Debt to OAC; and (3) that the Avery Debt was paid under economic duress.

In its Complaint, Banded has asserted claims for unjust enrichment as against Peak Rock, and has asserted claims against OAC for breach of the Loan Documents, economic duress, and for an accounting and disgorgement. Notably, Banded is not a party to or intended third party

beneficiary of the Loan Documents, and therefore lacks not only privity of contract but standing such as would allow it to make the instant claims against OAC or Peak Rock.

In an effort to get around this glaring legal deficiency, Banded claims it has standing to bring the instant claims by virtue of a purported express right of the "Receivership Estate" allegedly assigned to it through an asset purchase agreement (the "APA") by which Banded acquired certain assets of Avery in July 2015, shortly after it made the Bridge Loan to Avery.

However, a reading of the APA confirms that the APA did not assign Banded any right of the Receivership Estate.

Rather, the APA attempted to expressly assign **Avery's** purported right to pursue a claim against OAC related to Avery's payment of the Fees to OAC under the Loan Documents.

Of paramount significance here, and fatal to Banded's claims, the Loan Documents expressly prohibit the assignment by Avery of any claim Avery might have against OAC unless OAC agrees in writing to Avery's assignment of a claim.

Here, OAC has not and will not agree to allow Avery to assign any claim it had against OAC under the Loan Documents to Banded.  As such, the attempted assignment by Avery to Banded through the APA of any claim against OAC in connection with the payment of the Fees is void, and Banded lacks standing as a matter of law to bring the instant claims.

 Accordingly, Defendants are entitled to summary judgment in their favor as a matter of law, therein dismissing all of Plaintiff's claims against the Defendants in their entirety with prejudice for lack of standing.

## LAW AND ARGUMENT

**I.     Standard of Review.**

A party is entitled to summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56.  The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact.  *Mosholder v. Barnhardt*, 679 F.3d 443, 448 (6th Cir. 2012) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper.  *Martinez v. Cracker Barrel Old Country Store, Inc.*, 703 F.3d 911, 914 (6th Cir. 2013) (*quoting Chapman v. UAW Local 1005*, 670 F.3d 677, 680 (6th Cir. 2012) (en banc)); *see also Kalich v. AT & T Mobility, LLC*, 679 F.3d 464, 469 (6th Cir. 2012).

Summary judgment is appropriate where a party lacks standing to pursue a claim. *Michles v. Med. College of Ohio at Toledo*, 107 F.3d 871, 1997 WL 76184, at *1 (6th Cir. 1997) (unpublished table decision) (affirming grant of summary judgment where plaintiff lacked standing to bring suit).  Indeed, standing is 'the threshold question in every federal case.' *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (*quoting Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)).  A party who has filed a complaint bears the burden of establishing' standing.  Thus, at the summary judgment stage, such a party can no longer rest on mere allegations, but must set forth by affidavit or other evidence specific facts that conclusively establish standing.  *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1148-49,

185 L. Ed. 2d 264 (2013) (*quoting Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

Here, the undisputed facts conclusively establish that Plaintiff lacks standing to bring the instant claims. Accordingly, summary judgment must be entered in Defendants' favor, and Plaintiff's Complaint must be dismissed in its entirety with prejudice.

## II. Banded Lacks Standing to Bring the Instant Claims Against Defendants and Plaintiff's Complaint Must Be Dismissed In Its Entirety With Prejudice as a Matter of Law.

Plaintiff claims it has standing to bring the instant claims by virtue of certain provisions of the APA that allegedly expressly assign Plaintiff the right to pursue the claim of the Receivership Estate to recapture the Fees which Avery previously paid to OAC. As demonstrated below, Plaintiff's factual assertions are misleading at best, Plaintiff lacks standing to bring the instant claims, and Plaintiff's Complaint must be dismissed with prejudice.[1]

### A. The APA did not assign any claim of the Receivership Estate to Plaintiff.

Contrary to the allegations contained in Plaintiff's verified Complaint,[2] the APA did not expressly assign Plaintiff the right to pursue the claim of the Receivership Estate to recapture the [Fees] which the Receiver previously paid to OAC. Instead, the APA expressly provides as follows:

> …**Seller**[3] agrees to sell, convey, transfer, assign and deliver to [Plaintiff]…all its interest in and to the following assets...:

---

[1]  Perhaps in recognition that the language of the APA did not support its verified factual assertions that Plaintiff was "expressly assigned the right to pursue the claim of the Receivership Estate to recapture the [Fees] which the Receiver previously paid to OAC," Plaintiff failed to attach a copy of the APA to its Complaint. A copy of the APA is attached as ***Exhibit One*** to Defendants' Statement of Undisputed Material Facts, filed contemporaneously herewith.

[2]  *See*, DE # 1-1, Complaint at ¶ 38.

[3]  The APA defines Seller as "Avery Outdoors, Inc., a Tennessee corporation."

> (i) [**Avery Outdoors, Inc.'s**] cause of action against Outdoors Acquisition Company, LLC ("OAC") related to fees and expenses paid to OAC in connection with the payoff of OAC's senior secured loan to [**Avery Outdoors, Inc.**] (the "OAC Claim").

*(See*, Defendants' Statement of Material Undisputed Facts ("SUF") at ¶¶ 3 & 4; *see also*, ***Exhibit One*** to SUF – July 31, 2015 APA, p. 2, Section 1.1(i)).

Accordingly, it is clear that there was no assignment of any claim of the Receivership Estate. (SUF ¶¶ 3 & 4).

Instead, the APA unsuccessfully attempted to assign **Avery's** right to assert a cause of action against OAC related to the Fees paid to OAC in connection with Avery's payoff of its Debt to OAC under the Loan Documents. Therefore it is Avery's purported cause of action upon which Banded is currently traveling, not that of the Receivership Estate. (SUF ¶¶ 3 & 4).

**B.  The attempted assignment of the OAC Claim is prohibited under the Loan Documents and was therefore ineffective as a matter of law.**

It is undisputed that Plaintiff's claims arise out of and relate to the Loan Documents, as the Fees were a portion of the total payoff to OAC by Avery under the Loan Documents. (SUF ¶ 1; *see also*, ***Exhibit One*** to SUF – July 31, 2015 APA, p. 2, Section 1.1(i)).

Plaintiff is neither a party to nor an intended third party beneficiary of the Loan Documents. (SUF ¶¶ 2 & 3). Instead, the Loan Documents, including the Loan and Security Agreement, are contracts between OAC and Avery. And as with all contracts, the Loan Documents must be interpreted by their plain terms. *Tenn. Farmers Life Reassurance Co. v. Rose*, 239 S.W.3d 743, 749-50 (Tenn. 2007).

Here, and fatal to Plaintiff's standing in this case, the plain terms of the Loan Documents expressly prohibit the assignment of any right or claim without OAC's prior written consent. (SUF ¶ 5).

Specifically, the Loan Documents provide as follows:

> [Avery] may not assign this Agreement or any rights or obligations under it without [OAC's] prior written consent (which may be granted or withheld in [OAC's] discretion).

(SUF ¶ 5).

OAC did not give any written consent to Avery or any other entity such as would allow Avery to assign or transfer any of its rights under the Loan Documents to Plaintiff. (SUF ¶ 6).

Therefore, Avery's attempted assignment to Plaintiff of its purported right to make the instant claim is in violation of the express provisions of the Loan Documents, was ineffectual, and Plaintiff did not acquire any rights to make the instant claim.

In sum, Plaintiff is not in privity of contract with either OAC or Peak Rock, Plaintiff is not an intended third party beneficiary under the Loan Documents, and the alleged claim of Avery that the APA unsuccessfully attempted to assign could not be assigned due to the prohibition on assignment contained in the Loan Documents.

Accordingly, Plaintiff has no basis or standing to assert any of its claims in the instant matter, and Plaintiff's Complaint must be dismissed in its entirety with prejudice as a matter of law.

### III. OAC Is Entitled to the Attorneys' Fees and Costs Incurred in the Preparation of this Motion and its Defense of this Action.

This Court has the inherent power to assess attorneys' fees in certain circumstances. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991); *First Bank of Marietta and Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510-16 (6th Cir. 2002).

Here, a cursory reading of the Loan Documents and APA (which Plaintiff ostensibly read prior to filing suit), confirms that Plaintiff must have filed the instant matter despite having

knowledge that it lacked standing to do so, thereby causing Defendants to incur great expense in the form of legal fees and costs and attorneys' fees defending themselves against Plaintiff's claims.

Furthermore, even if the Plaintiff had standing to bring the instant claims (it clearly does not), as set forth fully in its Motion to Dismiss currently pending before this Court,[4] Plaintiff's claims are barred as a matter of law by the Voluntary Payment Rule.  Indeed, the Voluntary Payment Rule is meant to prevent a party from wasting the time, money and resources of the Court and others by filing suits (such as the instant suit) to recapture monies voluntarily paid by that party to another party in an arms-length business transaction.

Accordingly, in addition to the dismissal of Plaintiff's claims with prejudice, Defendants requests that this Court exercise its discretion and award Defendants their reasonable attorneys' fees and other legal costs and expenses incurred in defending themselves against this action, and that this Court award Defendants any other and further relief to which this Court deems Defendants are entitled.

## CONCLUSION

As set forth above, Plaintiff lacks standing to bring the instant claims.  Accordingly, summary judgment should be entered in favor of the Defendants, and all of Plaintiff's claims against the Defendants should be dismissed in their entirety with prejudice.

And in addition to the dismissal of Plaintiff's claims with prejudice, this Court should award Defendants their reasonable attorneys' fees and other costs and legal fees and expenses

---

[4]   *See*, DE # 3.

incurred in defending against this cause of action, as well as any other and further relief to which this Court deems Defendants are entitled.

    Respectfully submitted,

**BURR & FORMAN LLP**

s/ Emily C. Taube  
Emily C. Taube (TN Bar. No. 019323)  
511 Union Street, Suite 2300  
Nashville, TN  37203  
Telephone: (615) 724-3237  
Facsimile:  (615) 724-3337  
etaube@burr.com

*Counsel for Defendants Peak Rock Capital LLC and Outdoors Acquisition Co, LLC*

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing Memorandum in Support of Defendants' Motion for Summary Judgment was filed with the Court's ECF/CM system, and should be served by means of the same upon the following:

R. Campbell Hillyer  
Michael C. McLaren  
BUTLER SNOW L.L.P.  
6075 Poplar Avenue, Suite 500  
Memphis, TN  38119  
*Counsel for Plaintiff Avery Outdoors, LLC*  
*f/k/a Banded Finance, LLC*

This the 24th day of April, 2016.

    /s/ Emily C. Taube