# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# MEMPHIS DIVISION

| | |
|---|---|
| AVERY OUTDOORS LLC <br> f/k/a BANDED FINANCE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PEAK ROCK CAPITAL, LLC, and <br> OUTDOORS ACQUISITION CO, LLC, <br><br> Defendants. | Case No.: 2:16-cv-02229 |

## DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT DUE TO PLAINTIFF'S LACK OF STANDING

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants Peak Rock Capital, LLC ("Peak Rock") and Outdoors Acquisition Co, LLC ("OAC"), submit Statement of Undisputed Material Facts in support of their motion for summary judgment as to all the claims asserted against them by Plaintiff Avery Outdoors, LLC f/k/a Banded Finance, LLC ("Plaintiff" or "Banded"), respectfully stating as follows:

1. Plaintiff's claims arise out of and relate to the Loan Documents.  (*See*, DE # 1-1, Complaint, generally; *see also*, July 31, 2015 Asset Purchase Agreement between Banded and Avery Outdoors, Inc. (the "APA"), a copy of which is attached hereto as ***Exhibit One***, at p. 2, Section 1.1(i).

2. OAC and Avery Outdoors, Inc. are the parties to the Loan Documents.  (*See*, DE # 1-1, Complaint, generally; *see also*, Loan Documents, attached as ***Exhibit A*** to Plaintiff's Complaint and attached hereto as Collective ***Exhibit Two)***.

3. Banded is neither a party to, nor an intended third party beneficiary of, the Loan Documents. (Id.).

4. Banded claims it has standing to bring the instant claims by virtue of a purported express right of the "Receivership Estate" allegedly assigned to it through an asset purchase agreement (the "APA") by which Banded acquired the assets of Avery in July 2015, shortly after it made the Bridge Loan to Avery. (DE # 1-1, Complaint at ¶¶ 38 & 39).

5. The Asset Purchase Agreement dated July 31, 2016 (the "APA") did not assign Plaintiff any right of the Receivership Estate. (*See*, *Exhibit One* hereto, APA, generally).

6. The APA attempted to expressly assign **Avery's** purported right to pursue a claim against OAC related to Avery's payment of the Fees to OAC under the Loan Documents. (*See*, *Exhibit One* hereto, APA, Section 1.1(i)).

7. The Loan Documents expressly prohibit the assignment by Avery of any right or claim Avery might have against OAC unless OAC agrees in writing to Avery's assignment of said right or claim. (*See*, Loan and Security Agreement, attached hereto as part of Collective *Exhibit Two*, p. 14, Section 12.1).

8. OAC has not agreed in writing or otherwise to allow Avery to assign any right or claim, including the instant claims, to Plaintiff. (*See*, Declaration of Spencer Moore, ¶ 3, attached hereto as *Exhibit Three*).

    Respectfully submitted,

    **BURR & FORMAN LLP**

    s/ Emily C. Taube
    Emily C. Taube (TN Bar. No. 019323)
    511 Union Street, Suite 2300
    Nashville, TN 37203
    Telephone: (615) 724-3237
    Facsimile: (615) 724-3337

etaube@burr.com

*Counsel for Defendants Peak Rock Capital LLC and Outdoors Acquisition Co, LLC*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment was filed with the Court's ECF/CM system, and should be served by means of the same upon:

R. Campbell Hillyer
Michael C. McLaren
BUTLER SNOW L.L.P.
6075 Poplar Avenue, Suite 500
Memphis, TN  38119
*Counsel for Plaintiff Avery Outdoors, LLC*
*f/k/a Banded Finance, LLC*

This the 24th day of June, 2016.

/s/ Emily C. Taube