# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# MEMPHIS DIVISION

| | |
|---|---|
| AVERY OUTDOORS LLC <br> f/k/a BANDED FINANCE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PEAK ROCK CAPITAL LLC, and <br> OUTDOORS ACQUISITION CO, LLC, <br><br> Defendants. | Case No.: 2:16-cv-02229 |

## OUTDOOR ACQUISITION CO, LLC'S
## REPLY TO PLAINTIFF'S RULE 56(d) RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DUE TO PLAINTIFF'S LACK OF STANDING

Defendants Outdoors Acquisition Co, LLC ("OAC") and Peak Rock Capital ("Peak Rock") submit this Reply to the Rule 56(d) Response in Opposition to Defendants' Motion for Summary Judgment (the "Response"), respectfully stating as follows:

### INTRODUCTION

Although it admitted during the July 26 hearing before this Court that the matters raised by Defendants' Motion for Summary Judgment Due to Plaintiff's Lack of Standing (the "MSJ") are legal rather than factual issues, through its Response Plaintiff nonetheless attempts to delay dismissal of its claims by claiming that it lacks essential facts and needs additional discovery in order to respond to Defendants' MSJ.

27991953 v1
28013911 v1

In sum, Plaintiff's claims regarding its need for discovery are without merit, and Plaintiff has failed to meet its burden under Rule 56(d) of showing that additional discovery is necessary to respond to Defendants' MSJ.  Accordingly, Plaintiff's Rule 56(d) request should be denied.

Moreover, although it admitted it could have done so, Plaintiff elected not to dispute or otherwise make any response to Defendants' Statement of Undisputed Material Facts (the "SUF"), and made a calculated decision not to respond more fully to the legal arguments set forth in the MSJ despite its ability to do so.[1]  As such, Defendants' SUF is undisputed for purposes of this Motion, [2]  Plaintiff should not be allowed to supplement its Response or further respond to Defendants' MSJ, and summary judgment should be entered in favor of Defendants on all Plaintiff's claims due to Plaintiff's lack of standing.

## LAW AND ARGUMENT

**I.    Plaintiff's Rule 56(d) Response**.

 A party opposing a motion for summary judgment may, by affidavit, explain why he or she is unable to present facts essential to justify the party's opposition to the motion.  However, the party seeking the additional discovery bears the burden of demonstrating why such discovery is necessary.  Bare allegations or vague assertions of the need for additional time for discovery

---

[1]     At the July 26 Status Hearing held by this Court, Plaintiff admitted that Defendants' standing challenge raised legal rather than factual issues.  Moreover, despite failing to include such arguments in its Response on the basis that it was unable to respond, Plaintiff nonetheless made several factual and legal arguments in response to Defendants' standing challenge during the hearing, which belies Plaintiff's contention that it "lacked facts essential to make its opposition to Defendants' MSJ."

[2]     Despite its ability to do so, Plaintiff did not dispute or otherwise respond to Defendants' Undisputed Statements of Material Fact (the "SUF").  As such, all facts in Defendants' SUF should be deemed admitted.  *See* W.D. Tenn. L.R. 56.1(a) and (d); *Baxter Bailey Investments, Inc. v. Mars Petcare US, Inc*., 2012 U.S. Dist. LEXIS 75127 (W.D. Tenn. May 30, 2012) (denying plaintiff's Rule 56(d) motion and deeming defendant's statement of undisputed facts admitted due to plaintiff's failure to cite to the record or produce evidence in its Rule 56(d) response to contradict Defendant's factual assertions); see also *Scipio v. Sony Music Entm't, Inc*., 173 F. App'x 385, 387 n.1 (6th Cir. 2006) (denying Plaintiff's Rule 56(d) Motion and holding that plaintiff forfeited the opportunity to dispute the defendant's statement of undisputed material facts by failing to respond to it, as required by the district court's local rules).

are not enough.  Instead, the Sixth Circuit has repeatedly found that a party must make a Rule 56(d) request with precision and must state "with specificity both the materials he hopes to obtain with further discovery and exactly how he expects those materials would help him in opposing summary judgment."  Fed.R.Civ.P. 56(d).  *Capps v. Cremation Options, Inc.*, 2014 U.S. Dist. LEXIS 4266,* 14 - 15 (E.D. Tenn. Jan. 14, 2014).

However, even if plead with the required specificity, a Rule 56(d) request should nonetheless be denied and summary judgment granted where the discovery sought would not have changed the legal and factual deficiencies with a party's claims.  *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008) (quoting *Maki v. Laakko*, 88 F.3d 361, 367 (6th Cir. 1996)); *see also Ball v. Union Carbide Corp.*, 385 F.3d 713, 721 (6th Cir. 2004) (finding it was not an abuse of discretion to deny a Rule 56(d) request for discovery before ruling on a motion for summary judgment because the discovery sought was not relevant to the issue resolved by summary judgment).  The importance of complying with the specificity requirements of Rule 56(d) cannot be over-emphasized.  *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).

Here, Plaintiff has not demonstrated with the required particularity what discovery it needs to controvert Defendants' undisputed facts, nor has Plaintiff shown how further discovery will refute the legal arguments raised by Defendants.  Instead, Plaintiff's Rule 56(d) Response contains only conclusory statements, vague assertions, and pages of irrelevant argument regarding its purported need for further discovery related to the Voluntary Payment Rule.[3]  Accordingly, Plaintiff's Rule 56(d) request must be denied, and Defendants' MJS must be granted.

---

[3]   Although Defendants' MSJ is clearly premised solely on the issue of Plaintiff's lack of standing to bring its claims, Plaintiff inexplicably devotes the majority of their Response arguing that they need additional discovery to respond to the Voluntary Payment Rule.

**II.     Plaintiff's Rule 56(d) Request Should be Denied, and Defendants MSJ Should be Granted Because Plaintiff has not Met Its Burden Under Rule 56(d) of Showing that Additional Discovery is Necessary to Respond to Defendants' MSJ.**

**A.     Plaintiff's Request for Discovery Related to Defendants' Standing Arguments Should be Denied.**

Relative to Defendants' standing challenge, Plaintiff argues that OAC's construction of the provisions of the Loan Documents and APA are incorrect, and that in order to oppose Defendants' interpretation of the Loan Documents and APA, Plaintiff must be afforded an opportunity to obtain the following discovery:

(a)     The production of documents related to the acquisition of the SunTrust Bank note by the Defendants and/or any other entity related to the Defendants [the **"SunTrust Discovery"**]; and

(b)     Written discovery and/or deposition of the Receiver, Spencer Moore and counsel for Defendants related to the Chancery Court of Shelby County, TN, approval by final order of the rights and powers of the Receiver and the subsequent assignment to Banded of the cause of action against the Defendants [the "**Parole Evidence Discovery**"].

Plaintiff's claims regarding its need for more discovery are without merit, and should be denied.

**1.     Plaintiff does not need the SunTrust Discovery to respond to Defendants' MSJ.**

Relative to its request for the SunTrust Discovery, Plaintiff offers only that it needs it to oppose Defendants' interpretation of the Loan Documents and APA. (DE # 39, p.6). This conclusory statement does not satisfy Plaintiff's Rule 56(d) burden, in that it does not identify what facts it hopes to ascertain through the SunTrust Discovery, and it does not explain how the SunTrust Discovery will help it oppose Defendants' "interpretation of the Loan Documents."

Moreover, it is undisputed that on April 2, 2015, SunTrust Bank transferred the SunTrust Note along with the Loan Documents and security interest in the Collateral identified in the Loan

Documents, and assigned all its interest, rights and remedies in the SunTrust Note and Loan Documents to OAC.[4]  Therefore, the SunTrust Discovery is irrelevant and unnecessary in that it will not change or help Plaintiff respond to the legal and factual issues raised by Defendants regarding Plaintiff's lack of standing to bring the instant claims, and Plaintiff's request to deny or delay ruling of Defendants' MSJ to allow it to obtain the SunTrust Discovery should be denied.

### 2. Plaintiff does not need the Parole Evidence Discovery to respond to Defendants' MSJ.

Plaintiff claims that the Parole Evidence Discovery is necessary because: (a) Defendants' standing challenge purportedly implicates "the orders of the Chancery Court" that allegedly "expressly granted" the Receiver the authority to assign the OAC claim to Plaintiff, and (b) in order to prevail on their standing challenge, Defendants must persuade this Court to void the Chancery Court orders that purportedly expressly conferred the Receiver with the authority to assign the claims at issue and otherwise act on behalf of Avery.  (DE # 39, p. 6).

Plaintiff's Rule 56(d) request for Parole Evidence Discovery should be denied because as with the SunTrust Discvoery, Plaintiff fails to explain with the required specificity why it cannot respond to Defendants standing challenge without the Parole Evidence Discovery or how this discovery will help it refute the legal arguments raised by Defendants.[5]  (DE # 39, pp 5-7).  In addition, Plaintiff's arguments lack legal and factual sense, and directly mislead this Court.

---

[4]    (*See* Verified Complaint ¶ 16; *see also* TUCC Sale Order ¶ 6 attached hereto as ***Exhibit B***; Sale Procedure Order ¶ 5, a copy of which is attached hereto as ***Exhibit C***).

[5]    Plaintiff's Response is accompanied by two affidavits of counsel for Plaintiff which state  nothing more than that counsel "cannot present facts essential to justify its opposition to Defendants' MSJ." (*See* Affidavits of R. Campbell Hillyer and Chuck Browning  (collectively, the "Plaintiff's Counsels' Affidavits"), DE #s 39-1 & 39-2 at § 4).  Furthermore, the Plaintiff has not explained how the Parole Evidence Discovery could demonstrate that the Court expressly granted the Receiver the authority to assign the OAC Claim to Plaintiff in its orders.  Simply put, the Court's orders speak for themselves, and no testimony from the Receiver, Defendants, or Defendants' Counsel regarding what they thought the Receiver's authority was under any of the orders can change or alter the authority actually granted to the Receiver in the language of the orders of the Chancery Court.

### *(a) The Chancery Court's orders did not expressly grant the Receiver the authority to assign the OAC Claim to Plaintiff.*

Despite their ready availability, Plaintiff failed to attach any of the "orders" of the Chancery Court, and does not identity any of the purported orders with specificity. This is likely because Plaintiff is well aware that no order of the Chancery Court expressly granted Banded the right to assert a claim against OAC, or expressly approved the APA.

Turning to the orders entered by the Chancery Court, on December 12, 2014, the Chancery Court entered an Order Confirming the Appointment of Receiver (the "Receiver Order" – ***Exhibit "Ex." A*** hereto). The Receiver Order does not grant the Receiver any greater powers to dispose of Avery's collateral than Avery would have, nor does it expressly grant the Receiver the right to assign the OAC Claim to Plaintiff. (*See* Ex. A, generally). Instead, the Receiver Order prohibits the Receiver from assigning the OAC Claim to Plaintiff without the written consent of OAC in that it provides that the neither the appointment of the Receiver nor any provision of the court's Receivership Order shall impair OAC's right and remedies under the Loan Documents. (*See **Ex. A***, ¶ 34).

On May 7, 2015, the Court entered an order grating the Receiver's Motion to participate in the upcoming TUCC Sale of Avery's assets by OAC (the "TUCC Sale Order" –***Ex. B*** hereto). The TUCC Sale Order does not expressly grant the Receiver the right to assign the OAC Claim to Plaintiff.

On May 27, 2015, the Chancery Court entered an Order Approving Sale Procedure (the "Sale Procedure Order" – ***Ex. C*** hereto). The Sale Procedure Order does not expressly grant the Receiver the right to assign the OAC Claim to Plaintiff, nor does it address the APA.

On July 6, the Chancery Court entered an order approving the sale of Avery's assets to Banded (the "Banded Sale Order" – *Ex. D* hereto). The Banded Sale Order does not expressly grant the Receiver the right to assign the OAC Claim to Plaintiff, nor does it address the APA.

Thus, contrary to Plaintiff's arguments, the "orders of the Chancery Court" do not expressly grant the Receiver the right to assign the OAC Claim to Plaintiff nor do the orders expressly approve the APA, and Parole Evidence Discovery from the parties and the Receiver regarding their respective interpretation of the Chancery Court's orders will not change the terms of the Chancery Court's order, nor will it otherwise help Plaintiff respond to Defendants' standing argument.

> **(b) The Parole Evidence Discovery sought will not change the meaning of the Loan Documents or Tennessee Law confirming that the Receiver did not have Authority to assign the OAC Claim to Plaintiff.**

It is well established that this Court must interpret and enforce the unambiguous terms of contracts by their plain meaning, and that clauses prohibiting one party to a contract from assigning any right or claim against the other party to the contract without written consent of that party are valid and enforceable and will act to void any attempted assignment that violates the provision.[6] Here, Plaintiff has not claimed that the Loan documents are ambiguous, and it is undisputed that: (1) that the Loan Documents provide that Avery could not assign any right or claim against OAC under the Loan Documents without the written consent of OAC, and (2) that OAC did not give written consent to Avery or the Receiver to assign the OAC Claim to Plaintiff. (*See* DE # 27-2, SUF at ¶¶ 7 & 8; *see also* Local Rule 56.1(b)).

---

[6] *See Baxter Bailey Investments, Inc. v. Mars Petcare US, Inc.,* 2012 U.S. Dist. LEXIS 75127 (W.D. Tenn. May 30, 2012); *see also Paul v. Chromalytics Corp.*, 343 A.2d 622, 625 (Del. Super. Ct. 1975)(finding non-assignability clause valid and assignment void where written consent to the assignment was not given as required under the contract).

In an attempt to escape the consequences of these undisputed facts, Plaintiff argues that the OAC Claim belonged to the Receivership Estate rather than Avery, and that as such, the Receiver was free to assign the Claim. (DE # 39, p. 6). This argument is wholly without merit because irrespective of whether the OAC Claim was part of the Receivership Estate, Tennessee law confirms the Receiver did not have the authority to assign the OAC Claim to Plaintiff.

Indeed, it is well established under Tennessee law that the appointment of a receiver neither settles or prejudices rights, and that the receiver cannot acquire any other, greater, or better interest than the debtor had in its assets.  *Willingham v. Gallatin Group, Inc.*, 2001 Tenn. App. LEXIS 99, * 25 (Tenn.Ct.App. Feb. 16, 2001).  To this extent, a receiver stands in the shoes of a debtor with the same right which the debtor would have had, and can set up no rights in or to claims which the debtor could not have set up*.  (Id)* (recognizing the general rule that ***a receiver steps into the shoes of the dissolving corporation with <u>exactly</u> the same rights and obligations that the corporation had***)(emphasis added)(citing *Pope v. Knoxville Indus. Bank, Inc.*, 173 Tenn. 461, 465, 121 S.W.2d 530, 531 (1938);  see also *Butcher v. Howard*, 715 S.W.2d 601, 603 (Tenn. Ct. App. 1986).

Here, upon appointment, the Receiver stepped into Avery's shoes, with exactly the same rights and obligations that Avery had under the Loan Documents. And just like Avery, the Receiver could not assign any of Avery's claims against OAC under the Loan Documents to Plaintiff without the written consent of OAC. (*See* DE # 27-2, SUF at ¶¶ 1- 8).  Accordingly, the Receiver's attempted assignment of the OAC claim to Plaintiff was ineffective and is void, and Plaintiff has failed to meet its Rule 56(d) burden of showing how the Parole Evidence Discovery will held it refute or otherwise respond to Defendants legal and factual argument related to standing, and Plaintiff's Rule 56(d) request should be denied.

B.  **Plaintiff's Rule 56(d) Request for Discovery Related to the Voluntary Payment Rule Defense (the "VPRD") Should be Denied.**

Plaintiff inexplicably devotes the majority of its Response and Counsel's Affidavits to its claim that it needs certain discovery related to the VPRD in order to respond to Defendants' MSJ. This argument is without merit.

Defendants' MSJ is premised entirely on Plaintiff's lack of standing, and does not contain any argument that Defendants are entitled to summary judgment based on the VPRD. In fact, the only mention of the VPRD in Defendants' MSJ appears in a passing statement on the last page of the MSJ, wherein Defendants note that, as set forth in their (then) pending Motion to Dismiss, Plaintiff's claims should also be dismissed under the VPRD. This passing statement regarding the VPRD is clearly not an argument for summary judgment based on the VPRD. Thus, any discovery related to the VPRD is wholly irrelevant to Defendants' MSJ, and it is certainly not necessary or essential for Plaintiff to obtain such discovery in order respond to Defendant's standing challenge raised through its MSJ. Therefore, Plaintiff's Rule 56(d) request for discovery related to the VPRD is without merit and it should be denied by this Court

C.  **Rule 56(d) Relief is Not Warranted Under the *Plott* Factors.**

Plaintiff alleges that certain factors identified in *Plott v. Gen. Motors Corp*[7] (the "*Plott* Factors") weigh in favor of granting its Rule 56(d) request because Plaintiff has been diligent in its efforts to obtain information necessary to oppose Defendants' MSJ. (DE # 39, p. 10). Plaintiff's argument based on the *Plott* Factors are without merit.

As an initial matter, Plaintiff's entire discussion of the *Plott* Factors centers around the discovery it claims it need relative to the VPRD. (Id. pp 10-11). Because Defendants' MSJ is

---

[7]  71 F.3d 1190, 1196-97 (6th Cir. 1995).

not based on the VRPD, Plaintiff's entire *Plott* discussion as applied to the VRPD is wholly irrelevant and should be disregarded by this Court.

In regard to standing, Plaintiff offers only that the discovery sought "potentially" goes to the standing challenge. Because Plaintiff has failed to specifically state how the standing discovery is necessary for Plaintiff to respond to the Defendants' standing argument, the balance of the *Plott* Factors weights in favor of denying the request, Plaintiff's arguments based on *Plott* should be disregarded and its Rule 56(d) request should be denied. See *Capps v. Cremation Options, Inc.*, 2014 U.S. Dist. LEXIS 4266 (E.D. Tenn. Jan. 14, 2014) (analyzing *Plott* Factors and denying Rule 56(d) motion on basis that plaintiff made only vague and conclusory allegations regarding how the discovery sought would help the plaintiff oppose the motion or change any potential ruling on the motion). [8]

## CONCLUSION

Plaintiff has failed to set forth any facts or arguments in its Response that would justify granting its Rule 56(d) request. Accordingly, Plaintiff's Response should be disregarded and its Rule 56(d) request should be denied. And because Plaintiff made a calculated decision to request denial of the MSJ based on a disingenuous claim of a need for discovery rather than refute or otherwise fully respond to Defendants' SUF or to the arguments raised in Defendants' MSJ despite its clear ability to do so, Defendants' SUF should be deemed admitted, Plaintiff should not be allowed to further respond or supplement its Response, and summary judgment should be granted in favor of Defendants dismissing all Plaintiff's claims with prejudice due to lack of standing, with all costs of this cause to be assessed against Plaintiff.

---

[8] See also *Ball v. Union Carbide Corp.*, 385 F.2d 713, 720 (6th Cir. 2004) (holding that it is not an abuse of discretion for the district court to deny a Rule 56(d) request when the party makes only general and conclusory statements regarding the need for more discovery).

Respectfully submitted,

**BURR & FORMAN LLP**

s/ Emily C. Taube
Emily C. Taube (TN Bar. No. 019323)
511 Union Street, Suite 2300
Nashville, TN  37203
Telephone: (615) 724-3237
Facsimile:  (615) 724-3337
etaube@burr.com

*Counsel for Defendants Peak Rock Capital LLC and Outdoors Acquisition Co, LLC*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Reply was filed with the Court's ECF/CM system, and should be served by means of the same upon all interested parties, and/or by placing a copy in the U.S. Mail, postage prepaid, addressed to the following:

R. Campbell Hillyer
Michael C. McLaren
BUTLER SNOW L.L.P.
6075 Poplar Avenue, Suite 500
Memphis, TN  38119
*Counsel for Plaintiff Avery Outdoors, LLC f/k/a Banded Finance, LLC*

This the 8th day of August, 2016.

/s/ Emily C. Taube

27991953 v1
28013911 v1

11