**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS**

AVERY OUTDOORS LLC
f/k/a BANDED FINANCE LLC,

    Plaintiff,

v.                                                                           Case No. 2:16-cv-02229-SHL-tmp

PEAK ROCK CAPITAL, LLC, and
OUTDOORS ACQUISITION CO, LLC

    Defendants.

**PLAINTIFF'S MOTION TO COMPEL FULL
PRODUCTION OF UNREDACTED DOCUMENTS**

Plaintiff Avery Outdoors LLC f/k/a Banded Finance LLC ("Banded"), by and through its undersigned counsel and pursuant to Rule 37 of the Federal Rules of Civil Procedure, hereby moves this Court for an order compelling Defendant Outdoors Acquisition Co, LLC ("OAC") to provide unredacted copies of documents which OAC has produced in response to Banded's First Set of Requests for Production of Documents. In support of its motion, Banded states as follows:

On April 26, 2016, Banded propounded its First Set of Requests for Production of Documents to OAC seeking the production of all documentation "evidencing, summarizing, itemizing, supporting, defining, and/or justifying" for each of the seven (7) categories of the alleged "legal and other fees" totaling $461,512.88 as claimed by OAC in its May 7, 2015 loan payoff statement.

1

On June 30, 2016, Banded was forced to file an expedited motion to compel OAC to produce the outstanding responses and document production [Doc No. 29] which detailed the procedural and factual history of this case relating to the discovery dispute.

On July 26, 2016 this Court held a status conference with all counsel present to discuss all pending motions, including the motion to compel.  At the status conference, the Court orally granted the motion to compel and ordered that OAC was required to follow this Court's Order and respond to Banded's discovery requests regardless of their subjective belief regarding the merits of the case and counsel for OAC agreed to a 10 day time period for compliance.  The oral ruling was memorialized in the Court's Order dated August 3, 2016 [Doc. No. 41].

On the August 5, 2016 deadline, OAC provided counsel for Banded its Responses to Plaintiff's First Request for Production of Documents and accompanying documents Bates labeled OAC 00001 through 00085.  The document production contained significant and material redactions to the majority of the billing statements from the law firms McDermitt, Will & Emery LLP ("WM&E") and Burr Forman LLP ("Burr").  No privilege log was provided by OAC.  Counsel for the parties had several discussions by telephone and email regarding the document production, the requirements of Rule 26(b)(5)(A) and the burden of a party asserting a privilege to establish its existence and applicability.  OAC requested that more time to provide additional documentation and to address the privileges asserted.  On August 11, 2016, OAC produced additional documents Bates labeled OAC 00086 through 00091, and again produced additional documents Bates labeled OAC 00092 through 00095 on August 15, 2016.  On August 16, 2016, OAC produced a privilege log for MW&E statements and Revised Bates labeled OAC 00001 through 00025.   On August 18, 2016, OAC produced a privilege log for the Burr

statements. Then upon full review of the documents and information OAC had provided, it became clear to counsel for Banded that the unredacted legal statements must be produced.

Accordingly, the Court must compel OAC to provide unredacted versions of the document production for the following reasons:

(i) When the legitimacy, reasonableness and necessity of legal fees are a core issue of a matter, a party cannot hide behind a privilege if they are relying upon the same redacted documents to support their case. A privilege cannot be used as both a sword, and then a shield to prevent their adversary from seeing the basis for it;

(ii) Any applicable privilege, which may have been claimed, has been waived in the matter by OAC in placing the invoices for legal fees "at issue" and/or the production of the privileged information into the hands of third parties; and

(iii) The redactions made by OAC, coupled with the purported privilege logs provided, are not complaint with the requirements of Rule 26(b)(5)(A) and cannot sustain the asserted privilege.

In support of this Motion, Plaintiff relies upon the memorandum of law filed contemporaneously herewith.

Wherefore, the foregoing premises considered, Banded moves this Court to order the immediate production of full unredacted documents responsive to First Set of Requests for Production of Documents or, in the alternative, to bar OAC from asserting a claim for any defense of the disputed "legal/other fees" based upon the unredacted records it refuses to produce.

Respectfully submitted,

**BUTLER SNOW LLP**

*/s/ R. Campbell Hillyer*
R. Campbell Hillyer (22124)
Michael C. McLaren (28277)
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
(901) 680-7200
(901) 680-7201 facsimile
Cam.Hillyer@butlersnow.com
Michael.McLaren@butlersnow.com
*Attorneys for Banded Finance, LLC*

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.2, Cam Hillyer, counsel of record for Plaintiff, consulted by telephone and/or email with Emily Taube, counsel of record for Defendant, on August 11, 15, 16, 17, 18, 22 and 23, 2016 regarding issues of asserted privileges and/or a motion to compel unredacted billing invoices. During that consultation, the parties were unable to reach an accord as to the relief sought by this motion.

*/s/ R. Campbell Hillyer*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have filed the foregoing document with the Court's CM/ECF system which shall transmit a true and correct copy of the foregoing document upon the following:

        Emily C. Taube (TN #019323)
        BURR & FORMAN LLP
        511 Union Avenue, Suite 2300
        Nashville, TN 37219
        Email: etaube@burr.com

This the 29th day of August, 2016.

                                                        */s/ R. Campbell Hillyer*