IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS

AVERY OUTDOORS LLC
f/k/a BANDED FINANCE LLC,

    Plaintiff,

v.                                          Case No. 2:16-cv-02229-SHL-tmp

PEAK ROCK CAPITAL, LLC, and
OUTDOORS ACQUISITION CO., LLC

    Defendants.

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S SUMMARY JUDGMENT REPLY**

In response to the new legal arguments raised by Defendant Outdoors Acquisition Co., LLC ("OAC") in its summary judgment reply brief (ECF No. 43), Plaintiff Avery Outdoors LLC f/k/a Banded Finance LLC ("Banded") hereby states as follows:

## INTRODUCTION

On June 24, 2016, OAC filed its Motion for Summary Judgment Due to Plaintiff's Lack of Standing ("MSJ") (ECF No. 27). The MSJ alleged that Banded lacked standing to bring the present claims against OAC or Peak Rock Capital LLC ("Peak Rock"), and that even if Banded had standing, the claims are barred as a matter of law by the Voluntary Payment Rule. On July 25, 2016, Banded filed its Rule 56(d) Response in Opposition to the MSJ ("Rule 56(D) Response") and requested the Court hold any adjudication on the MSJ in abeyance pursuant to Rule 56(D)(1-3) as no discovery had been obtained due primarily to OAC's refusal to comply with the Court's prior discovery order and the two motions for protective orders filed by OAC. On July 26, 2015, the Court resolved the lack of discovery issue by denying OAC's motion for

1

protective order and ordered it to comply with the prior discovery order of this Court and orally instructed the parties to "go forth and discover". These discovery rulings were memorialized in the Court's Order dated August 3, 2016 (ECF No. 41). On August 8, 2016, OAC filed a Reply ("Reply") to Banded's Rule 56(D) Response (ECF No. 43). Notwithstanding the Court's August 8, 2016 Order, the Reply made further arguments that any discovery sought, as set forth in the Rule 56(D) Response, was not needed and should be denied. The Reply also contained additional legal and factual arguments which contained (i) five cases in support of allegedly well-established legal precedent which OAC previously did not cite and (ii) four exhibits of selected orders of the Chancery Court (other Chancery Court pleadings are omitted) previously unattached regarding the power and authority of the Receiver and the validity of his assignment to Banded of the cause of action against OAC. On August 12, 2016, Banded filed its Motion for permission to file a Sur-Reply to respond to the new submissions and arguments of OAC contained in the Reply (ECF No. 44). On August 17, 2016, the Court granted Banded's request for permission to file a Sur-Reply (ECF No. 45)[1].

Summary judgment is improper because OAC's standing challenge fails as a matter of Tennessee law. OAC argues that the assignment provision that affords Banded with the standing to sue OAC is void because OAC did not previously consent to it. According to OAC, the anti-assignment provision of the SunTrust Note contractually obligated the Receiver to first obtain OAC's written approval of any assignment before he could validly assign the claims at issue to

---

[1] Banded stands by its Rule 56(d) request and maintains that additional factual discovery is needed in order for Banded to *fully* respond to Defendants' standing challenge and further develop its potential waiver and/or estoppel defenses. Banded has sought the discovery it deems necessary to fully respond and is currently awaiting OAC's responses thereto. After receiving said discovery, Banded should be in a position to fully respond to the standing challenge posed by OAC, as well as OAC's voluntary payment defense.

Banded. OAC contends it did not consent to any assignment and therefore the assignment is void as a matter of Tennessee contractual law.

OAC further argues that the assignment is void because the Receiver lacked the legal authority to assign the causes of action to Banded. OAC contends that the Shelby County Chancery Court did not expressly authorize the Receiver to assign the claims at issue in the Receivership Action. Thus, because the Receiver allegedly exceeded the scope of his court-approved authority by attempting to assign the claims to Banded, OAC concludes that the assignment is likewise invalid under Tennessee receivership law.

OAC's legal arguments regarding the assignability of claims or causes of action lack legal merit and do not comport with the controlling case law in Tennessee. OAC's contention that the Receiver lacked the power and authority to validly assign the cause of action to Banded is likewise without merit as the Shelby County Chancery Court empowered the Receiver with broad authority regarding the assets of Avery, including Avery's "causes of action."[2] Thus, contrary to OAC's position, the assignment is enforceable because the assignment did not exceed the scope of the Receiver's court-approved authority.[3] Rather, because the Receiver held the

---

[2] In its December 12, 2014 Order Confirming Appointment of Receiver, the Shelby County Chancery Court expressly conferred in the Receiver exclusive custody and control over all of the Receivership Entities' personal and real property, including any and all "causes of action" of the Receivership Entities, and further empowered the Receiver with the express authority and full power to "sue for" and "collect" such properties on behalf of the Receivership Entities and "institute such legal actions as the Receiver deems necessary to preserve the and protect the Receivership Entities, [and] the interests of the Receivership Entities." (Dec. 12, 2014 Order, ECF No. 43-1, at ¶5, ¶23.)

[3] Section 3.2 of the Asset Purchase Agreement (below) evidences the scope of the Receiver's court-approved authority and his right to assign the claims at issue to Banded:

> **3.2 Authorization.** Pursuant to the Orders of the Chancery Court in Case No. 14-1667, Receiver, as Receiver for Seller has full power, authority, and legal right to execute and deliver this Agreement and all other agreements contemplated hereby pursuant to the Order of the Court. Except for such Order and such other approvals which the Receiver has obtained as of the Closing Date [], no approvals or consents of any other persons, entities, or governmental authorities are necessary in connection with the execution, delivery, and performance of Seller's obligations under this Agreement. (*See* APA, ECF No. 27-3, at p. 6 of 18, ¶3.2.)

3

contractual and legal authority to assign the causes of action, the assignment vested in Banded the right to pursue the causes of action alleged in the Complaint. For these reasons, summary judgment is improper as a matter of law.

## LAW AND ARGUMENT

    **A. The anti-assignment clause contained in the SunTrust Note does not void the Receiver's assignment of the causes of action to Banded.**

OAC's standing challenge is premised on its mistaken belief that the anti-assignability clause prohibited the assignment of the causes of action to Banded as a matter of law. OAC's argument is unpersuasive, however, because it disregards well settled and controlling Tennessee law. In *Ford v. Robertson*, 739 S.W.2d 3 (Tenn. Ct. App. 1987), the Tennessee Court of Appeals addressed the very issue that is now currently before the Court, i.e., whether a non-assignability clause voided a subsequent assignment of a cause of action for breach of contract.[4] In its analysis, the *Ford* court expressly rejected the theory on which OAC now relies, holding "that a contractual provision prohibiting assignment of a contract by either party without the other party's written consent does not prohibit the assignment of a cause of action for breach of the contract." *Id.* at 5.

In reaching this conclusion, the *Ford* court recognized that "the law draws a distinction between the right to assign performance under a contract and the right to receive damages for its breach." *See id*. Provisions precluding assignment of a party's *performance* obligations absent written consent are oftentimes upheld. But these provisions do not also preclude, as a matter of law, the assignment of a party's right to bring a cause of action for breach of a fully executed

---

[4] The *Ford* court articulated the precise issue before it as follows:
The dispositive issue in this case is whether rights of an owner resulting from breach of contract of a fully executed contract with an architect may be assigned by the owner absent the consent of the architect where the owner-architect contract provides that 'neither the owner nor the architect shall assign, sublet or transfer any interest in this agreement without the written consent of the other.'
*See Ford*, 739 S.W.2d at 4.

4

agreement. Rather, as the *Ford* court recognized, such "choses of action" are freely assignable in Tennessee, and the "unqualified assignment of such right of action vests in the assignee the title thereto to the same extent the assignor had at the date of the assignment." *Id.* Thus, because the plaintiff's claim for breach of contract constituted a "chose of action" that fell outside the scope of the performance rights and obligations contemplated by the general anti-assignment contractual provision at issue, the *Ford* court properly held that the failure to obtain defendant's prior written consent was irrelevant to the validity of the assignment and plaintiff's standing to pursue the assigned claims. *Id.*

This Court should follow the reasoning of the *Ford* court and reject OAC's misplaced attempt to invalidate the Receiver's assignment through an inapplicable anti-assignment provision. Like the underlying agreement in *Ford*, the SunTrust Note precludes assignment of the "Agreement or any rights or obligations under it" absent prior written consent. And, like the defendant in *Ford*, OAC attempts to unfairly extend the scope of this anti-assignment provision to encompass the Receiver's assignment of the causes of action at issue here. This construction is improper because, as the *Ford* court recognized, causes of action – like those plead here – are freely assignable as a matter of Tennessee law and are not rendered void by clauses prohibiting the assignment of a party's contractual rights or performance obligations.

OAC's position also ignores the plain terms of the anti-assignment provision upon which it relies. Though OAC urges the Court to interpret and enforce the anti-assignment provision by its plain meaning, OAC mistakenly argues that the anti-assignment provision precludes assignments of any "claim" under the Loan Documents. This argument ignores the plain terms of the provision, however, which prohibits only unauthorized assignments of the "Agreement or any rights or obligations under it." (See Note, ECF 27-4, at p.14, Section 12.1) Nowhere does it

encompass, as OAC incorrectly and repeatedly contends, "claims." Thus, OAC's attempt to unilaterally broaden the scope of the anti-assignment provision should be rejected because it ignores the plain language of the SunTrust Note and runs afoul of the reasoning pronounced in *Ford.*

OAC makes no mention of *Ford* in its Reply, which allegedly sets forth the well-established Tennessee law supporting its contention of a legally invalid assignment rendered void by the anti-assignment provision in the Suntrust Note. Rather, as support for its erroneous contention that the anti-assignment provision voids the assignment, OAC contends that an unpersuasive and inapplicable Delaware opinion - *Paul v. Chromalytics Corp.*, 343 A.2d 622, 625 (Del. Super Ct. 1975) and an unpublished opinion *Baxter Bailey Investments, Inc. v. Mars Petcare US, Inc.*, 2012 U.S. Dist. LEXIS 75127 (W.D. Tenn. May 30, 2012) - control the issue. (*See* Reply, ECF No. 43, at 7, fn6.).

OAC's reliance on these opinions is misplaced as they are both clearly distinguishable. *Baxter* does not address the issue of assignability of a claim. Rather, the *Baxter* court held that a valid assignment of a claim did occur, but that the assignee (Baxter) of the claim was bound by a non-recourse provision contained in the contract limiting it to only one party for recovery of the claim.

In *Paul*, the court did determine that an unfulfilled anti-assignment provision rendered void an attempted assignment, but in reaching this holding, it applied Delaware law. Nowhere does it cite or discuss any Tennessee cases in its analysis. This omission alone is sufficient to render OAC's reliance on *Paul* misplaced, as there is no dispute that Tennessee law governs this issue.

OAC's argument is also unconvincing because the facts in *Paul* are distinguishable. The anti-assignment provision in *Paul* expressly declared "void" any purported assignment rendered without the prior written consent of the defendant/obligee. *Paul,* 343 A.2d at 625. The SunTrust provision, by contrast, does not declare unauthorized assignments "void." This omission is also significant and weighs against adopting the approach of *Paul. See, e.g., University Mews Associates v. Jeanmarie,* 471 N.Y.S.2d 457, 461 (N.Y. Sup. Ct. 1983) (providing that an anti-assignment provision must "contain express provisions that any assignment shall be void or invalid" in order to preclude the power to assign or cause an assignment contrary to contractual provisions to be void.)

Contrary to OAC's position, Banded's standing does not hinge on whether written consent to the assignment was provided by OAC or whether privity of contract was present. Rather, the standing inquiry turns entirely on whether the APA assignment provision sufficiently vested Banded with the cause of action against OAC as permitted by *Ford.* The APA provision undisputedly confers such a right to Banded, and OAC offers nothing to undermine the unambiguous terms of the assignment. Nor does it provide any legal justification to depart from the reasoning pronounced by the Tennessee Court of Appeals in *Ford.* In fact, OAC ignores this well settled Tennessee law entirety in its Reply, instead arguing for application of the analysis of an unpersuasive Delaware opinion. In sum, OAC's position is entirely without merit and does not warrant entry of summary judgment as a matter of Tennessee law. Given OAC's failure to disclose controlling Tennessee authority, its misguided reliance on unpersuasive and inapplicable law, and its failure to offer any other viable basis for this Court to invalidate the plain terms of the assignment or render it unenforceable as matter of law, OAC's contractual standing argument must fail.

### B. OAC's challenge to the Receiver's court-approved authority is both inopportune and without merit.

OAC's attempt to invalidate the assignment by challenging the Receiver's legal authority to assign the claims at issue is also improper.  The Chancery Court order confirming appointment ("Appointment Order") of the Receiver conferred in the Receiver custody and control over all real and personal property of Avery Outdoors, Inc. including any "causes of action". (See Reply – Exhibit A, pg. 2, ¶ 5).  The Appointment Order also empowered the Receiver with the authority to liquidate the assets of Avery pursuant to Chancery Court approval of such a plan. (See Reply – Exhibit A, pg. 10, ¶ 32).  Thus, in accordance with his court-approved authority, the Receiver, on behalf of Avery, validly assigned the "causes of action" plead here to Banded in the court-approved sale of Avery's assets to Banded.

OAC has newly attached four select orders of the Chancery Court to its Reply in support of its legal and factual argument that this Court can interpret those orders to establish that the Receiver did not have the authority to make the assignment of the cause of action against OAC and that the Chancery Court never approved such a transfer. (See Reply – Exhibits A-D).   It has long been held that a court has jurisdiction to interpret and enforce its own prior orders. *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 138, 129 S. Ct. 2195, 174 L. Ed. 2d 99 (2009).  This tenet is one of the fundamental underpinnings of a court's jurisdiction and stems from the fact that the issuing court is the most "well suited to provide the best interpretation of its own order." *See In re Lazy Days' RV Ctr. Inc.*, 724 F.3d 418, 423 (3d Cir. 2013)(quoting *Zinchiak v. CIT Small Bus. Lending Corp. (In re Zinchiak)*, 406 F.3d 214, 224 (3d Cir. 2005)). Banded originally filed this action in Chancery Court and it was removed by the Defendant.

OAC failed to attached other pleadings in the Chancery Court such as the response of Avery Outdoors Products Inc. ("AOPI") objecting to the sale procedure process of the Receiver.[5] OAC fails to mention that two of the four orders attached to its Reply are expressly approved by signature of OAC's counsel.  OAC has now directly injected the Chancery Court orders into this litigation in its Reply but also states that no discovery is warranted for Banded to respond in full to OAC's MSJ.  As previously discussed in Banded's Rule 56(D) Response and mentioned in FN1 to this Sur-Reply, these factual issues of OAC participation in the sale process are exactly the discovery necessary for Banded to adequately respond to OAC's MSJ on waiver and estoppel defenses related to the sale process.

## CONCLUSION

Summary judgment is simply not warranted on standing grounds because OAC's standing challenge disregards controlling Tennessee law that expressly rejects the legal premise on which OAC's argument rests.  Contrary to OAC's arguments, the Receiver's assignment was not rendered void by his alleged failure to obtain OAC's prior written consent because "choses of action" – like the claims plead here - are freely assignable in Tennessee and generally fall outside the scope of a general anti-assignment contractual provision.  OAC's revisionary construction of the SunTrust anti-assignment provision is improper, and its misplaced reliance on inapplicable and unpersuasive case law in no way undermines the manner in which such provisions are to be construed in Tennessee.  Moreover, OAC's attack on the Receiver's legal authority to assign the claims at issue likewise fails because the Chancery Court's orders make clear that the assignment was well within the scope of the Receiver's court-approved authority to act on behalf of Avery in the Receivership Action.  Thus, OAC's standing challenge does not

---

[5] The objection states that OAC is "an affiliate of AOPI" and that the Receiver obtained financing to pay off AOPI (not OAC).   The AOPI objection was filed by OAC's counsel.

warrant entry summary judgment as matter of law because its arguments are premised on an improper construction of the SunTrust anti-assignment provision that runs afoul of controlling law.

        Respectfully submitted,

        **BUTLER SNOW LLP**

        */s/ R. Campbell Hillyer*
        R. Campbell Hillyer (22124)
        Michael C. McLaren (28277)
        6075 Poplar Avenue, Suite 500
        Memphis, TN 38119
        (901) 680-7200
        (901) 680-7201 facsimile
        Cam.Hillyer@butlersnow.com
        Michael.McLaren@butlersnow.com
        *Attorneys for Banded Finance, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing document with the Court's CM/ECF system which shall transmit a true and correct copy of the foregoing document upon the following:

        Emily C. Taube (TN #019323)
        BURR & FORMAN LLP
        511 Union Avenue, Suite 2300
        Nashville, TN  37219
        Email: etaube@burr.com

This the 1st day of September, 2016.

        */s/* R. Campbell Hillyer