# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# AT MEMPHIS

AVERY OUTDOORS LLC
f/k/a BANDED FINANCE LLC,

    Plaintiff,

v.                                                                          Case No. 2:16-cv-02229-SHL-tmp

PEAK ROCK CAPITAL, LLC, and
OUTDOORS ACQUISITION CO, LLC

    Defendants.

### RESPONSE IN OPPOSITION TO DEFENDANT'S THIRD MOTION FOR PROTECTIVE ORDER RELATED TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

    In response to Defendant's Motion for Protective Order ("Motion") [Doc No. 48], Plaintiff Avery Outdoors LLC f/k/a Banded Finance LLC ("Banded") hereby states as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

    The factual and procedural history of this case in regard to the ongoing discovery dispute between the parties has been comprehensively pled by Banded in its Motion to Compel filed on June 30, 2016 [Doc. No. 29] and Motion to Compel filed on August 29, 2016 [Doc. No. 49]. Banded fully adopts and relies upon its Motion to Compel filed on August 29, 2016 [Doc. No. 49] which addresses the specific discovery dispute issue raised in the Defendant's present Motion regarding redactions of documents based upon asserted claims of privilege.

    As procedural history, this is the Defendant's third motion for protective order filed relating to the documents sought by Banded's First Set of Requests for Production of Documents propounded to Defendant on April 26, 2016.   Defendant's two prior motions for protective

order were both denied by this Court. It is also the second time in which the Defendant has rushed to file first a motion for protective order after being consulted, as required by the Local Rules, by counsel for Banded regarding a forthcoming motion to compel.

The Defendant has produced approximately 60 pages of billing statements from two law firms (McDermitt, Will & Emery PLLC ("MW&E") and Burr & Forman LLP ("Burr")). Banded's Motion to Compel filed on August 29, 2016 details why these redactions and corresponding claims of privilege are improper and inadequate. Defendant's Motion affirmatively states that this case centers on certain "legal/other" fees charged by the Defendant in connection with a loan payoff in May 2015 (*See* Doc. No. 48-3 at pg 1). The Motion tenders the global view argument that what was redacted are attorneys' billing statements containing privileged matters which as a general principle affords them protection from disclosure and for which other courts routinely allow such redactions of invoices and billing statements related to legal fees. What the Motion fails to address is any actual details or relevant facts as to why these specific billing records should be afforded such protection by this Court. The Motion does not discuss why any privilege is applicable to the redactions except for a blanket assertion of "*Redacted information reveals legal advice, strategy, and mental impressions, conclusions, theories or opinions*" which it applies to 175 separate time entries in a "one shoe fits all" approach. Under the Defendant's methodology, the details of the specific redactions are irrelevant, and so long as these are legal statements, then they are off limits for discovery pursuant to privilege.

Another distinct flaw in the Defendant's arguments presented in the Motion is that the case law used to support their position relates to legal statements which are ancillary to the main case issues. A dispute regarding the amount of reasonable attorney's fees to be awarded to a

prevailing party in litigation after adjudication is simply not akin to the present case in which the fees claimed are themselves the core element of the case.  Banded is not seeking to have any statements (redacted or unredacted) disclosed as it relates to the attorneys time spent in this present litigation.   The redacted statements are from 2015 and relate to a commercial transaction and loan payoff.

Moreover, the Motion's approach that an "*in camera*" review will resolve this matter is misguided.  Defendant has specifically produced the legal statements as the documents it intends to rely upon in support of its affirmative defense that the fees and expenses were permissible, reasonable and necessary; therefore, they are "at issue".  (*see* Motion to Compel Memorandum, Doc. No. 49-1, pg. 9).  Further, the Defendant has demanded a jury in its Answer [Doc No. 46].  Even if the Court finds that a privilege is applicable and not waived, which it is not, it is inconceivable how the trier of fact in this matter is going assess the "legal/other" fees based upon significantly redacted statements.   Those statements and corresponding testimony from the attorneys who performed the work are critical to the Defendant being able to carry its burden to establish that the fees are reasonable and necessary (which is only applicable in this case if the fees prove to be even be permissible as to the subject matter work done).  The party claiming legal fees bears the burden of documenting the entitlement to them.  *Reed v. Rhodes*, 179 F.3d 453 (6th Cir.1999).   And the opposing party then has the burden of producing evidence against this reasonableness.  Again, it is farfetched to envision a scenario how this is to be accomplished without having the unredacted fee statements.

This same scenario was addressed in *First Horizon National Corporation v. Certain Underwriters at Lloyd's*, Case No. 2:11-cv-02608, 2013 WL 11934936 (W.D. Tenn., October 17, 2013).  This was a case in which a legal fee dispute was the central issue of the case,

such as present here. Judge Vescovo ordered production of unredacted statements, after determining that no amount of discovery, summary exhibits and/or deposition testimony would sufficiently show the basis and reasonableness of fees like the billing statements would. *Id* at *7. Unredacted bills were the only practical way to indicate the subject matter of the records (covered claims vs. non covered claims) given the volume of bills and the number of attorneys and law firms involved. *Id* at *7.   That well-reasoned approach should be applied in this case.

## CONCLUSION

The Motion fails to state any sufficient legal or factual basis that would warrant this Court to grant the Defendant's request to shield the redacted fee statements. It is merely another attempt by the Defendant to further avoid the inevitable result, which it has been evading now for over a year, that it must produce the full documents supporting the disputed $461,512.88 in "legal/other" fees for which it charged the Receiver under economic duress in the loan payoff. The Motion makes it even more abundantly clear that the document production sought by Banded is of such material significance to the Defendant that it warrants now three separate motions at considerable time and expense to shield these documents.   Simply producing the unredacted documents would have taken a fraction of the time and expense that Defendants have spent to date on this discovery issue.   The Defendant is "missing the forest for the trees" to reason that the legal statements in their full unredacted form will not be a material part of this litigation and indispensable in any adjudication of the matter by the trier of fact.

        Respectfully submitted,

        **BUTLER SNOW LLP**

        */s/ R. Campbell Hillyer*
        R. Campbell Hillyer (22124)
        Michael C. McLaren (28277)
        6075 Poplar Avenue, Suite 500
        Memphis, TN 38119
        (901) 680-7200
        (901) 680-7201 facsimile
        Cam.Hillyer@butlersnow.com
        Michael.McLaren@butlersnow.com
        *Attorneys for Avery Outdoors LLC f/k/a*
        *Banded Finance LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have filed the foregoing document with the Court's CM/ECF system which shall transmit a true and correct copy of the foregoing document upon the following:

        Emily C. Taube (TN #019323)
        BURR & FORMAN LLP
        511 Union Avenue, Suite 2300
        Nashville, TN  37219
        Email: etaube@burr.com

This the 8th day of September, 2016.

        /*s/ R. Campbell Hillyer*