# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| AVERY OUTDOORS LLC f/k/a BANDED FINANCE, LLC, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )    No. 16-cv-2229-SHL-tmp ) |
| OUTDOORS ACQUISITION CO., LLC, | ) ) |
| Defendant. | ) ) |

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT DUE TO PLAINTIFF'S LACK OF STANDING

Before the Court is Defendant Outdoor Acquisition Co., LLC's ("OAC") Motion for Summary Judgment (ECF No. 27), filed June 24, 2016, Plaintiff's Response (ECF No. 39), filed July 25, 2016, OAC's Reply (ECF No. 43), filed August 8, 2016, Plaintiff's Sur-Reply (ECF No. 50), filed September 1, 2016, and OAC's Sur-Sur-Reply (ECF No. 58), filed September 21, 2016.[1]  OAC argues that the undisputed facts show that Plaintiff Avery Outdoors LLC f/k/a Banded Finance LLC ("Banded") lacks standing to sue OAC, and, accordingly, that OAC is entitled to summary judgment as a matter of law.  For the following reasons, the Court finds that, under Tennessee law, Banded has standing to sue OAC for the claims here.  Therefore, the Court **DENIES** OAC's Motion for Summary Judgment.

---

[1] On August 17, 2016, the Court granted Plaintiff leave to file a Sur-Reply.  (ECF No. 45.) Subsequently, on September 7, 2016, the Court granted OAC leave to file a Sur-Sur-Reply. (ECF No. 52.)

## **STATEMENT OF UNDISPUTED MATERIAL FACTS**

The following factual allegations are contained in Defendant's Statement of Undisputed Facts ("SUF") and the attached exhibits.[2] On June 11, 2008, Avery Outdoors, Inc. ("Avery") executed a Revolving Promissory Note in the principal amount of $8,000,000 (the "Note") in favor of SunTrust Bank ("SunTrust"). (Promissory Note, ECF No. 27-4.) Pursuant to the Note, Avery was required to pay all:

> Reasonable attorney's fees[] that the holder hereof incurs (i) in collecting or attempting to collect the indebtedness evidenced by this Promissory Note, (ii) in enforcing the Loan Agreement or any deed of trust, mortgage, assignment of rents and leases, security agreement or other collateral that secures this Promissory Note or any guaranty thereof (herein together "Security Documents"), (iii) in protecting the collateral encumbered by the Security Documents, (iv) in defending or asserting the holder's rights in said collateral, and/or (v) with regard to any bankruptcy, reorganization or insolvency proceeding involving this Promissory Note, the Security Documents or said collateral.

(Id. at 2) The Note also contained an anti-assignment provision, stating that, "[b]orrower may not assign this Agreement or any rights or obligations under it without Bank's prior written consent (which may be granted or withheld in Bank's discretion)." (Promissory Note 20, ECF No. 27-4; SUF ¶ 7, ECF No. 27-2.) On April 2, 2015, all of SunTrust's interests under the Note were transferred to OAC. (SUF ¶ 1, ECF No. 27-2 (citing Compl. ¶ 16, ECF No. 1-2))

On July 31, 2015, Banded and Avery, through a Receivership Estate, entered into an Asset Purchase Agreement ("APA"), under which Banded acquired Avery's assets. (SUF ¶ 4, ECF No. 27-2.) Pursuant to the APA with the Receiver, Banded expressly acquired: "Seller's

---

[2] Defendant argues that Plaintiff "did not dispute or otherwise respond to Defendant's Undisputed Statements of Material Fact . . . [and] [a]s such, all facts in Defendant's SUF should be deemed admitted." (Def.'s Reply 2 n.2, ECF No. 43.) Plaintiff failed to comply with Local Rule 56.1(b), which requires the non-moving party to respond to each fact set forth by the movant. "Failure to Respond to a moving party's statement of material facts . . . shall indicate that the asserted facts are not disputed for purposes of summary judgment." L.R. 56.1(d). Because Plaintiff failed to cite to the record or respond to Defendant's Undisputed Statements of Material Facts, Defendant's facts are deemed undisputed for purposes of this Motion.

cause of action against Outdoors Acquisition Company, LLC ("OAC") related to fees and expenses paid to OAC in connection with the payoff of OAC's senior secured loan to Seller (the "OAC Claim")."  (APA 2, ECF No. 27-3; see id. ¶ 6.)

OAC has not agreed to allow Avery to assign any right or claim, including anything involved in the present suit.  (SUF ¶ 8, ECF No. 27-2; Declaration of Spencer Moore ¶ 3, ECF No. 27-4.)  OAC argues that the Receiver's assignment to Banded of any claims against OAC is void based on the anti-assignment provision within the Note.

## STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Although hearsay evidence may not be considered on a motion for summary judgment, Carter v. Univ. of Toledo, 349 F.3d 269, 274 (6th Cir. 2003), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The court is to view facts in the record and reasonable inferences that can be drawn from those facts in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Once a properly supported motion for summary judgment has been made, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).  A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "Standing is 'the threshold question in every federal

case.'"  Coyne v. Am. Tobacco Co., 183 F.3d 488, 494 (6th Cir. 1999) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)).  To establish standing "at the summary judgment stage . . . a party can no longer rest on mere allegations, but must set forth by affidavit or other evidence specific facts."  Clapper v. Amnesty Int'l USA, 133 S.Ct. 1138, 1148-49 (2013).

## ANALYSIS

OAC argues that Banded lacks standing to sue OAC because Banded is not a party to the Note between Avery and OAC, and, therefore, any assignment of rights to Banded by the Receiver is voided by the Note's anti-assignment clause.  OAC contends that, under Tennessee law, the Receiver did not have any greater rights under the Note than Avery, and, therefore, the Receiver was bound by Avery's anti-assignment clause and could not assign Avery's right to sue OAC.  (Reply 8, ECF No. 43.)  OAC states that Banded is not entitled to, nor does it need, any discovery to respond to OAC's motion, given this legal issue, and it contends that any case law cited by Banded is "inapposite" to the present case.  (Id. at 4-5; Sur-Sur-Reply 3-7, ECF No. 58.)

In its Response, Banded first argues that, under Fed. R. Civ. P. 56(d), the Court should defer considering whether summary judgment is appropriate because OAC had not produce any discovery by the time this motion was briefed, and, therefore, Banded could not present essential facts to justify its opposition.  (Response 2-12, ECF No. 39.)  Alternatively, in its Sur-Reply, Banded argues that, under Tennessee law, an anti-assignment clause does not preclude the assignment of a chose in action.  (Sur-Reply 4-7, ECF No. 50) (citing Ford v. Robertson, 739 S.W.2d 3, 5 (Tenn. Ct. App. 1987).

The question presented here is one of law, and thus the Court need not defer consideration here pursuant to Fed. R. Civ. P. 56(d).  In Tennessee, a contractual provision prohibiting assignment is enforceable; however, an anti-assignment provision does not prohibit

4

the assignment of a right to sue under the contract.  <u>Ford</u>, 739 S.W.2d at 5 ("[C]hoses in action are assignable in Tennessee."); <u>see</u> <u>also</u> Restatement (Second) of Contracts § 322(2) ("A contract term prohibiting assignment of rights under the contract, unless a different intention is manifested, (a) does not forbid assignment of a right to damages for breach of the whole contract or a right arising out of the assignor's due performance of his entire obligation[.]")  While OAC is correct that "there is a dearth of case law on this issue," OAC has failed to present any substantiated argument that the holding of the Tennessee Court of Appeals in <u>Ford</u> does not apply in this case.  Therefore, the anti-assignment provision within the Note does not extend to void the assignment by the Receiver of the cause of action against OAC.

The Shelby County Chancery Court directed the Receiver to "take exclusive custody, control and possession of all real and personal property Receivership Entities, including . . . causes of action . . . ."  (Order Confirming Appointment of Receiver ¶ 5, ECF No. 43-1.)  The Receiver then properly assigned, on behalf of Avery, the present cause of action against OAC.  (Asset Purchase Agreement 1-2, ECF No. 27-3.)  Consequently, Banded has standing to sue OAC, and summary judgment on this issue is not warranted here.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** OAC's Motion for Summary Judgment.

**IT IS SO ORDERED**, this 6th day of December, 2016.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE
