# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# MEMPHIS DIVISION

|  |  |
|---|---|
| AVERY OUTDOORS, LLC <br> f/k/a BANDED FINANCE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PEAK ROCK CAPITAL LLC, and <br> OUTDOORS ACQUISITION CO., LLC, <br><br> Defendants, <br><br> and <br><br> OUTDOORS ACQUISITION CO., LLC <br><br> Third-Party Plaintiff/Counter-Claimant, <br><br> v. <br><br> AO LIQUIDATION TRUST INC., f/k/a <br> AVERY OUTDOORS, INC., <br><br> Third-Party Defendant. | Case No.: 2:16-cv-02229 |

## DEFENDANTS OUTDOORS ACQUISITION CO., LLC'S AND PEAK ROCK CAPITAL LLC'S RESPONSE TO AO LIQUIDATION TRUST, INC.'S MOTION TO REMAND CASE AND TO AWARD ATTORNEY'S FEES AND COSTS

Defendants Outdoors Acquisition Co., LLC and Peak Rock Capital LLC (collectively, the "Defendants") submit this response to AO Liquidation Trust, Inc.'s ("Avery") Motion to Remand Case and to Award Attorney's Fees and Costs. In opposition to that motion, the Defendants respectfully state to the Court as follows.

31987350 v2

## INTRODUCTION

Although 28 U.S.C. § 1447(c) authorizes a court remanding a case to award fees, costs, or expenses other parties have incurred because of the removal, precedent dictates that courts award those sanctions in only extreme or unusual cases. This is not such a case. The Defendants attempted a reasonable investigation before removal, and they removed based on the reasonable (if mistaken) belief that they had provided complete information regarding their citizenship and that diversity existed. Thus, Avery cannot show the removal was objectively unreasonable at the time of removal, and Avery fails even to attempt to show that any other unusual circumstance warrants imposing sanctions under § 1447(c). Avery also fails to show that it has incurred any fee, expense, or cost in federal court that it would have avoided had the case remained in state court. As a result, the Court should deny Avery's motion.

## ARGUMENT

**A.     Avery's request for remand is moot.**

In its motion, Avery requests that the Court "remand this case to the Chancery Court of Shelby County, Tennessee, for lack of subject matter jurisdiction . . . ." The Court has already entered such an order. (*See* ECF No. 218.) As the Court recognized, that order has rendered moot the portion of Avery's motion seeking remand. (*See id.* at 2 n.1.)

**B.     The Defendants' removal was objectively reasonable at the time of removal.**

Under 28 U.S.C. § 1447(c), a court remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Imposition of this type of sanction is, however, far from automatic. Instead, "[a]bsent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Molnar v. Shelby Cty. Bd. of Educ.*, No. 2:14-cv-02544 STA-dkv, 2014 WL

7335331, at *3 (W.D. Tenn. Dec. 19, 2014). When a court examines whether "unusual circumstances" warrant departure from that general rule, its reasons for departure should serve the purpose of the fees provision in § 1447(c)—sanctioning removals used to prolong litigation and to impose costs on the opposing party. *Martin*, 546 U.S. at 140–41.

Avery contends the Court should award sanctions for an unreasonable removal, arguing the Defendants failed to investigate the citizenship of the parties before removing and applied the citizenship analysis for corporations instead of for LLCs. (ECF No. 217-1 at 3.) The Court has already addressed these issues in its remand order. (ECF No. 218.) The Court has held that the Defendants' jurisdictional allegations "were formed after an attempt at a reasonable inquiry, albeit an unsuccessful one." (*Id.* at 7.) Moreover, the Defendants explained at length in their response to the Court's Show Cause Order the nature of their investigation into the parties' citizenship and how the results of that unsuccessful investigation led to the jurisdictional allegations in the Notice of Removal.[1] (*See* ECF No. 216 at 6–13.) As that discussion showed, the Defendants believed based on their reasonable inquiry that complete diversity existed. Thus, at the time of removal, removing the case was objectively reasonable. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000) ("We evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper."); *see also Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1148 (10th Cir. 2004); *In re Darvocet, Darvon & Propoxyphene Prods. Liability Litig.*, 889 F. Supp. 2d 931, 944–45 (E.D. Ky. 2012) (assessing objective reasonability at the time of removal).

Generally, a removal warrants sanctions under § 1447(c) only when the removal is objectively unreasonable, and removing this case was objectively reasonable at the time of

---

[1] Among other things, that discussion demonstrates that the Defendants' counsel knew and was applying the citizenship analysis for LLCs, not corporations.

removal. Avery fails to argue that any "unusual circumstances" warrant departure from that general rule, tacitly acknowledging no such circumstances exist.[2] Thus, an award of costs, expenses, or fees under § 1447 is unwarranted, and the Court should deny Avery's motion.

C. **Avery has failed to demonstrate costs, expenses, or attorney's fees "incurred as a result of the removal."**

Although § 1447(c) authorizes a court issuing a remand order to award "just costs and any actual expenses, including attorney fees," the provision limits the amount a court may award to those costs, expenses, or fees "incurred as a result of the removal." Courts examining the "incurred as a result of the removal" language have inferred that costs, expenses, or fees are compensable under 1447(c) only when there is a causal link between them and the removal. That is, they have "interpret[ed] this language to limit the litigation expenses that may be awarded under this section to fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997); *accord Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 (9th Cir. 1995); *Crown v. PHI Air Med., L.L.C.*, No. 15-cv-10180, 2015 WL 3409010, at *3 (E.D. Mich. May 27, 2015); *Marel v. LKS Acquisitions, Inc.*, No. 3:06-cv-366, 2010 WL 1372412, at *3 (S.D. Ohio Mar. 31, 2010).

Indeed, this Court is among the courts who have interpreted § 1447(c) in this way. *See Walgreens Mail Serv., Inc. v. BlueCross BlueShield of Tenn., Inc.*, No. 05-287-Ml/P, 2007 WL 9710343, at *5 (W.D. Tenn. June 15, 2007), *report & recommendation adopted in relevant part* 2007 WL 9710376 (W.D. Tenn. Oct. 2, 2007). Thus, although Avery argues the scope of fees it could recover under § 1447(c) is broad, any such fees must be the but-for result of the removal—fees Avery would never have incurred had the case remained in state court.

---

[2] For example, Avery makes no argument and points to no evidence that the Defendants removed this case to prolong the litigation or to impose costs on another party. *See Martin*, 546 U.S. at 140–41. Nor could it.

Despite this requirement, Avery offers nothing in its motion to support that any such fees exist. Instead, Avery argues the Defendants asserted four claims against Avery that the Defendants would never have asserted had the case remained in state court. (*See* ECF No. 217-1 at 1, 4.) But Avery offers no legal authority to show that the Defendants would have been precluded from asserting those claims in state court, and it offers nothing in the record that shows the Defendants would have declined to raise those claims had the action never left state court. Thus, Avery's argument is based on nothing more than speculation about what the Defendants might have done in other circumstances. Other than that speculation, Avery does not identify any fee, cost, or expense it incurred because it was in federal court that it would not have incurred had the case remained in state court.

In sum, although Avery requests permission to present evidence to support an award of fees and costs under § 1447(c), Avery's motion falls short of showing that any such fees or costs exist. Therefore, the Court should deny Avery's motion. At minimum, any order permitting Avery to present that kind of evidence should make clear that it extends only to those costs, expenses, or fees Avery incurred in federal court that it would not otherwise have incurred in state court.

## CONCLUSION

For the reasons stated above, Defendants Peak Rock Capital LLC and Outdoors Acquisition Co, LLC respectfully request that the Court deny AO Liquidation Trust, Inc.'s Motion to Remand Case and to Award Attorney's Fees and Costs in its entirety. In the alternative, the Defendants request that the Court limit the presentation of any evidence of fees, expenses, and costs to those items Avery incurred in federal court but would never have incurred had this action remained in state court.

31987350 v2

Respectfully submitted,

*/s/ David W. Houston IV*
David W. Houston, IV (TN Bar No. 20802)
Burr & Forman LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
Facsimile: (615) 724-3290
Email: dhouston@burr.com

*/s/ D. Christopher Carson*
D. Christopher Carson (TN Bar No. 29171)
Burr & Forman LLP
420 N. 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: ccarson@burr.com

*Counsel for Defendants Peak Rock Capital LLC and Outdoors Acquisition Co., LLC*

31987350 v2

## **CERTIFICATE OF SERVICE**

  I certify that on July 12, 2018, a true and correct copy of the foregoing was filed with the Court's ECF/CM system, which shall transmit a true and correct copy of the foregoing document to the following:

R. Campbell Hillyer
Diana M. Comes
Butler Snow L.L.P.
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
cam.hillyer@butlersnow.com
diana.comes@butlersnow.com
*Counsel for Plaintiff Avery Outdoors, LLC*
*f/k/a Banded Finance, LLC*

Edward M. Bearman
The Law Office of Edward M. Bearman
780 Ridge Lake Blvd., Suite 202
Memphis, TN 38120
ebearman@jglawfirm.com

and

Tim S. Baird
Kutak Rock LLP
901 East Byrd Street, Suite 1000
Richmond, VA 23219
tim.baird@kutakrock.com
*Counsel for Third-Party Defendant*
*AO Liquidation Trust, Inc.,*
*f/k/a Avery Outdoors, Inc.*

                   */s/ David W. Houston IV*
                   David W. Houston IV